IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  06-10009-01-WEB |
| ) | |
| JULIAN GONZALEZ-HERNANDEZ, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### Memorandum and Order

This matter came before the court on the defendant's objection to the Presentence Report (PSR). The court orally denied the objection at the sentencing hearing of July 10, 2006. This written memorandum will supplement the court's oral ruling.

The defendant's sole objection to PSR argues that a downward departure is warranted because a criminal history category of VI over-represents the actual seriousness of his criminal history or the likelihood that he will commit future crimes. Defendant points out that he has only one prior felony conviction (a 2002 conviction for possession of methamphetamine with intent to sell), but he is classified in the highest criminal history category. Additionally, he notes that 8 of his 11 criminal history points resulted from four "DUI" convictions, and that all of those convictions occurred before 1999. Defendant argues that these circumstances and others warrant a sentence below the advisory guideline range.

The court concludes that the defendant is not entitled to a downward departure. Under USSG § 4A1.3, a downward departure may be warranted "if reliable information indicates that the defendant's

criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes...." The purpose of this provision is to allow a district court to deviate from the otherwise applicable guideline range where a defendant's criminal history, likelihood of recidivism, or both, differ significantly from the typical offender for whom the Sentencing Commission formulated the applicable criminal history category. *United States v. Caldwell*, 219 F.3d 1186, 1195 (10th Cir. 2000). Given the defendant's repeated drunken-driving convictions and his numerous instances of violating probation, as well as his methamphetamine conviction in 2002 prior to the instant offense, the court cannot say that a Category VI substantially over-states the seriousness of his history or the likelihood that he will commit future crimes. The defendant's record indicates a significant history of endangering the public through drunken driving and a high likelihood of recidivism.

Additionally, although the guidelines are now advisory rather than mandatory, the factors in 18 U.S.C. § 3553(a) -- including the need to protect the public from further crimes of the defendant and the need to afford adequate deterrence -- lead the court to conclude that a sentence within the guideline range is appropriate in this instance.

*Conclusion*.

Defendant's objection to the Presentence Report is DENIED. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

IT IS SO ORDERED this ___11th___ Day of July, 2006, at Wichita, Ks.

                                                s/Wesley E. Brown
                                                Wesley E. Brown
                                                U.S. Senior District Judge